*424 Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered May 15, 2012, which denied defendants’ motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff Hideki Sato was injured when he fell down a flight of stairs that led to the restroom area in defendants’ restaurant. Sato testified that his left heel hit the top step whereupon he lost consciousness and fell. Sato further testified that when he regained consciousness he found himself lying at the bottom of the staircase. On the basis of Sato’s foregoing testimony, we find that none of the stairway’s alleged structural or design defects could have been a proximate cause of the accident. Plaintiffs allege that the staircase was “inadequately lighted and/or not otherwise properly demarcated/warned about.” In denying the motion, the court found an issue of fact as to whether the staircase was totally camouflaged, creating a defective condition.
This was error inasmuch as the deposition of the restaurant’s general manager is unrefuted insofar as it establishes adequate warning as a matter of law. Specifically, the general manager testified that at the top of the staircase there was a yellow sign with an image of a finger pointing downward which read “bathroom this way” and “watch your step.” The general manager also testified about a red non-slip mat on the landing, a spotlight at the top of the staircase as well as another light fixture above the middle of the staircase. Accordingly, defendants have established, prima facie, that the staircase was neither inherently dangerous nor constituted a hidden trap (see e.g. Broodie v Gibco Enters., Ltd., 67 AD3d 418 [1st Dept 2009]). Cherry v Daytop Vil., Inc. (41 AD3d 130 [1st Dept 2007]), which plaintiffs cite, is distinguishable because it does not involve a claim of a hidden trap. Significantly, the affidavit of plaintiffs’ safety expert, who claims to have read portions of depositions provided by their counsel, does not reference the signs or otherwise state why they were inadequate. Accordingly, Sato’s mere assertion that he did not see the signs is insufficient to raise an issue of fact as to their adequacy. Moreover, the provisions of the Administrative Code of the City of New York plaintiffs rely upon are inapplicable because the subject stairs are not “interior stairs” as defined by the Code (see Administrative Code § 27-232). Concur — Andrias, J.P., Friedman and DeGrasse, JJ.